UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

Case No. 2:26-cv-01394 MCS (DSRx) Date: October 26, 2026

Title Surf Through, Inc. v. The Concept Car Wash, Inc.

Present: The Honorable: Daniel S. Roberts, United States Magistrate Judge

| L. Krivitsky | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff(s)/Petitioner(s): | Attorneys Present for Defendant(s)/Respondent(s): |
|---|---|
| None present | None Present |

**Proceedings: (IN CHAMBERS) ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED ON DEFENDANT AND ITS COUNSEL FOR FAILURE TO ATTEND SETTLEMENT CONFERENCE**

1. BACKGROUND

On May 18, 2026, Judge Scarsi entered an Order referring this case to the above-noted Magistrate Judge "for such settlement proceedings as the judge may conduct or direct." See Doc. No. 24. On July 6, 2026, the Court held a pre-mediation videoconference with counsel for both parties, at which the Court and parties discussed the logistics of conducting a settlement conference in this case, including proposed dates for the settlement conference. See Doc. No. 29. At the conclusion of that videoconference, the Court directed counsel to discuss with their respective client representatives possible dates for the settlement conference and to communicate their agreed date to the Clerk. Id.

On July 8, 2026, the parties informed the Clerk of their preferred dates for the settlement conference. On July 9th, the Clerk responded to all counsel by email, confirming the settlement conference for October 26, 2026, at 9:00 a.m. and sent all counsel a Zoom link for the video settlement conference. On July 14, 2026, the Court issued an Order formally setting the settlement conference for that date and time. See Doc. No. 30. That Order further stated that the "parties and their attorneys are required to appear by videoconference at that time and date, along with any other person or representative with authority necessary to negotiate a potential

settlement of this case in good faith." Id. The Order also included in that July 14th Order instructions for the parties to submit their respective settlement briefs, which were due at least five days before the settlement conference. Id.

By October 21, 2026 – five days before the Settlement Conference – Plaintiff's counsel had submitted Plaintiff's confidential Settlement Brief, but the Court had not received Defendant's Settlement Brief. Accordingly, the Clerk contacted defense counsel by email requesting an update regarding the status of Defendant's Settlement Brief. The Clerk did not receive a response to that email communication.

On Friday, October 23, 2026, the Clerk sent an email to all counsel of record in this case with a reminder of the upcoming October 26th Settlement Conference and included again the Zoom link for the video proceedings. Plaintiff's counsel responded confirming receipt, but no response was received from Defendant's counsel.

At 9:00 a.m. on Monday, October 26th, the Clerk opened the Zoom meeting for the Settlement Conference to take appearances of counsel and parties. Plaintiff's attorneys and client representative were on the videoconference and checked in, but neither counsel nor a client representative from Defendant logged in. The Clerk then called defense counsel's office by telephone multiple times. There was no answer at defense counsel's office, and the Clerk's voicemail message was not returned.

By 9:20 a.m., neither Defendant nor its counsel had joined the Zoom for the Settlement Conference. The Court took the bench and the case was formally called. In light of Defendant's failure to appear, however, the Settlement Conference could not proceed and was concluded.

2. ORDER TO SHOW CAUSE RE SANCTIONS

On or before November 2, 2026, Plaintiff's counsel shall file and serve a Declaration of reasonable attorney's fees and costs incurred in preparation for and attendance at the October 26th Settlement Conference. The Declaration shall include the number of hours spent, the date(s) such hours were worked, and counsel's hourly rate on this matter. The Court may use this information to guide its discretion in crafting the amount of sanctions imposed, if any.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-01394 MCS (DSRx) Date: October 26, 2026

Title Surf Through, Inc. v. The Concept Car Wash, Inc.

Defendant's counsel is hereby **ORDERED TO SHOW CAUSE** in writing no later than November 10, 2026, why Defendant, its counsel, or both, should not be sanctioned for failure to attend the October 26, 2026, Settlement Conference. If Defendant contends that the amount of fees and costs reported in Plaintiff's counsel's Declaration are unreasonable, Defendant may make that argument in the response to this Order to Show Cause.

**IT IS SO ORDERED.**

:

**Initials of Preparer** LK